# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

DANIELLE BROWN, *et al.*,

           Plaintiffs,

v.

STAR 214, LLC, *et al.*,

           Defendants.

Civil Action No. 1:24-cv-1964-WEF

## ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND DIRECTING NOTICE TO CLASS

The Court, having reviewed the Settlement Agreement entered by the Parties, hereby orders that:

1. The Court has considered the proposed settlement of the class claims asserted in the above-captioned action on behalf of the proposed Settlement Classes defined as:[1]

> **Statutory Damages Class.** All natural persons within the United States and its territories who are obligors of a junior-lien mortgage loan secured by their primary residence, which loan was, as of May 14, 2025, actively serviced by Statebridge, and was more than 30 days past due at the time Statebridge began servicing the loan, in connection with which loan Statebridge sent correspondence between November 2, 2023 through May 14, 2025 that reflected an amount due that included late fees, default-related fees, or interest, which were assessed for time periods when the loan was charged off and the person did not receive monthly mortgage statements.

> **Owner Entity Performing Loan Settlement Subclass.** All natural persons within the United States and its territories who are obligors of a junior-lien mortgage loan secured by their primary residence, which loan was, as of May 14, 2025, owned by an Owner Entity and actively serviced by Statebridge, which loan (i) was less than 30 days past due as of May 14, 2025, or (ii) had made a full monthly payment in at least four of the six months preceding May 14, 2025, and in connection with which loan

---

[1] Defined terms used in this Order have the same meaning provided in the Settlement Agreement.

1

Statebridge sent correspondence between November 2, 2023 through May 14, 2025 that reflected an amount due that included interest assessed for time periods when the person did not receive monthly mortgage statements.

**Owner Entity Defaulted Loan Modification Settlement Subclass.** All natural persons within the United States and its territories who are obligors of a junior-lien mortgage loan secured by their primary residence, which loan was, as of May 14, 2025, owned by an Owner Entity and actively serviced by Statebridge, in connection with which loan Statebridge sent correspondence between November 2, 2023 through May 14, 2025 that reflected an amount due that included interest assessed for time periods when the person did not receive monthly mortgage statements, and which loan is not part of the Performing Loan Settlement Subclass.

**CAMG Additional Remediation Subclass.** All natural persons within the United States and its territories who are obligors of a junior-lien mortgage loan secured by their primary residence, which loan was, as of May 14, 2025, owned by a CAMG Entity, was previously charged off, and is actively serviced by Statebridge, and for which, prior to October 19, 2017, either 1) a prior servicer sent statements charging 0% interest, 2) the prior servicer did not send statements because the loan was charged off, and/or 3) Veripro previously serviced the loan and represented that interest would not be charged, and for which Statebridge sent correspondence between November 2, 2023 through May 14, 2025, that assessed interest for time periods prior to October 19, 2017.

2. The Settlement Agreement filed by the Parties appears, upon preliminary review, to be fair, reasonable, and adequate to the Settlement Class. Accordingly, the proposed settlement therein is preliminary approved, pending a Final Approval Hearing, as provided for herein.

3. The prerequisites to a class action under Fed. R. Civ. P. 23(a) have been preliminarily satisfied, for settlement purposes only, in that:

   a. The Settlement Class consists of more than 1,000 members;

   b. The claims of the Named Plaintiffs are typical of those of the other members of the Settlement Classes;

   c. There are questions of fact and law that are common to all members of the Settlement Classes; and

  d. The Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class and have retained Class Counsel experienced in consumer class action litigation who have, and will continue to, adequately represent the Settlement Class.

4. For settlement purposes only, the Court finds that this action is preliminarily maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (1) a class action is a fair and efficient adjudication of this controversy; and (2) questions of fact and law common to the members of the Settlement Classes predominate over any questions affecting only individual members.

5. If the Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason before the Effective Date, the Settlement Classes shall be decertified, the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court. In that event, this Order shall not have any precedential effect with respect to a litigated class certification motion.

6. The Court appoints Danielle Brown and Roy Brown as Class Representatives. The Court also appoints Kristi C. Kelly, Andrew Guzzo, Casey Nash, Pat McNichol, and Matthew Rosendahl of Kelly Guzzo PLC as counsel for the Class ("Class Counsel"). The Court also approves American Legal Claims Services, LLC as the Settlement Administrator.

7. The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on January 16, 2025, at 10 a.m. at the United States District Court for the Eastern District of Virginia, Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, Virginia 22314, for the

following purposes:

    a. To determine whether the proposed settlement is fair, reasonable, and adequate and should be granted final approval by the Court;

    b. To determine whether a final judgment should be entered dismissing the claims of the Settlement Classes with prejudice, as required by the Settlement Agreement;

    c. To consider the application of Class Counsel for an award of attorneys' fees, costs, and for a service award to the Class Representatives; and

    d. To rule upon other such matters as the Court may deem appropriate.

8. Defendants and CAMG are to provide the Class Lists, and the Settlement Administrator is to implement the Notice Plan, in accordance with the Settlement Agreement's terms and timelines. Pursuant to the Settlement Agreement, the Administrator will provide a declaration to be filed with the Court attesting to the implementation of the Notice Plan prior to the Final Approval Hearing. To the extent the Parties or Settlement Administrator determine that ministerial changes to the Notice Plan are necessary before disseminating notice to the Settlement Class Members, they may make such changes without further application to the Court.

9. The Court finds the Notice Plan to fully satisfy the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

10. If a Settlement Class Member chooses to opt out of the Class, such Class Member is required to submit an opt out request on the Settlement website or send a written request for exclusion to the Settlement Administrator by mail, postmarked on or before the date specified in the Class Notice, which shall be no later than sixty (60) days following the initial mailing of the

Class Notice. The request must state "I do not want to be part of the Settlement Class in *Brown v. Star 214*," or words to that effect, and must be signed, dated, and include the individual's name, loan number and the last four digits of the individual's social security number. A Settlement Class Member who timely submits an opt-out using the procedure identified above shall be excluded from the Settlement Class for any and all purposes. Following the deadline, the Settlement Administrator shall prepare a declaration listing all of the valid opt-outs received and shall provide the declaration and list to Class Counsel, who will then report the names appearing on this list to the Court before the Final Approval Hearing.

11. A Settlement Class Member who does not timely submit a request for exclusion shall be bound by all subsequent proceedings, orders, and judgments in this action.

12. Any Settlement Class Member who wishes for any objection to be considered, must file a written notice of objection to be postmarked within sixty (60) days after the date of initial mailing of the Class Notice. The objection must (i) be filed with the Court by the Objection Deadline; (ii) state each objection the Class Member is raising and the specific legal and factual bases for each objection; (iii) include proof that the individual is a member of a particular Settlement Class or Classes; (iv) identify, with specificity, each instance in which the Class Member or his or her counsel has objected to a class action settlement in the past five (5) years; and (v) be personally signed by the Class Member.

13. Any Settlement Class Member who fails to timely file and serve a written objection pursuant to the terms of this Order and the Settlement Agreement shall not be permitted to object to the approval of the settlement or the Settlement Agreement and shall be foreclosed from seeking any review of the settlement or the terms of the Settlement Agreement by appeal or other means.

14. All briefs, memoranda, petitions and affidavits to be filed in support for an individual award to the Class Representatives and for an award of attorney's fees and costs shall be filed simultaneously with the motion for Final Approval.

15. All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement shall be filed not later than January 2, 2026.

16. Neither this Order nor the Settlement Agreement shall be construed or used as an admission or concession by or against the Defendants or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims. This Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by the Defendants or any of the Released Parties. The preliminary approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiffs, the Settlement Class Members, or the Defendants.

17. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

It is so ORDERED.

**ENTERED** this 8th of September, 2025.

Hon. William E. Fitzpatrick
United States Magistrate Judge