**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| DANIELLE BROWN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STAR 214, LLC, *et al.*, <br><br> Defendants. | Civil Action No. 1:24-cv-1964-WEF |

**FINAL APPROVAL ORDER**

This matter comes before the Court on Plaintiffs' Motion for Final Approval of the proposed class action settlement entered by the Parties.[1] Having considered all papers filed and arguments made with respect to the Settlement, and having provisionally certified a Settlement Class, the Court hereby FINDS that:

1.    On April 17, 2026, the Court held a Final Approval Hearing, at which time the Parties were afforded the opportunity to be heard in support of or in opposition to the Settlement.

2.    Certification for settlement purposes of the Settlement Classes, as defined by the Settlement Agreement and the Preliminary Approval Order, is appropriate pursuant to Rule 23(a), and (b) of the Federal Rules of Civil Procedure.

3.    Notice to the Settlement Classes required by Fed. R. Civ. P. 23(e) has been provided in accordance with the Settlement Agreement and the Preliminary Approval Order.  Such Notice

[1] Defined terms used in this Order have the same meaning provided in the Settlement Agreement.

has been given in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies Fed. R. Civ. P. 23(e) and due process.

4.     The Parties have timely filed notification of this settlement with the appropriate officials pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the Parties' notice of compliance and finds that the notice complies with the application requirements of CAFA.

5.     The Settlement Agreement was arrived at as a result of arms' length negotiations conducted in good faith by counsel for the Parties, and is supported by the Parties.

6.     The Settlement, as set forth in the Settlement Agreement, is fair, reasonable, and adequate to the members of the Settlement Classes, in light of the complexity, expense, and duration of litigation, and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal.

7.     The relief provided in the settlement constitutes fair value given in exchange for the release of claims.

8.     The list of individuals attached to the Settlement Administrator's Declaration filed at ECF No. 216-1 are determined to have validly excluded themselves from the Settlement Class in accordance with the provisions of the settlement and the Preliminary Approval Order.

9.     There were no timely objections to Settlement.

10.     The Parties and each Class Member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Settlement Agreement.

11.     It is in the best interests of the Parties and the Settlement Class Members and consistent with principles of judicial economy that any dispute between any Settlement Class

Member (including any dispute as to whether any person is a Settlement Class Member) and any Released Party, which in any way relates to the applicability or scope of the Settlement Agreement or the Final Approval Order, should be presented exclusively to this Court for resolution.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

12.     This action is a class action against Defendants Star214, LLC and Statebridge Company, LLC on behalf of the Settlement Classes defined as follows:

**Statutory Damages Class.** All natural persons within the United States and its territories who are obligors of a junior-lien mortgage loan secured by their primary residence, which loan was, as of May 14, 2025, actively serviced by Statebridge, and was more than 30 days past due at the time Statebridge began servicing the loan, in connection with which loan Statebridge sent correspondence between November 2, 2023 through May 14, 2025 that reflected an amount due that included late fees, default-related fees, or interest, which were assessed for time periods when the loan was charged off and the person did not receive monthly mortgage statements.

**Owner Entity Performing Loan Settlement Subclass.** All natural persons within the United States and its territories who are obligors of a junior-lien mortgage loan secured by their primary residence, which loan was, as of May 14, 2025, owned by an Owner Entity and actively serviced by Statebridge, which loan (i) was less than 30 days past due as of May 14, 2025, or (ii) had made a full monthly payment in at least four of the six months preceding May 14, 2025, and in connection with which loan Statebridge sent correspondence between November 2, 2023 through May 14, 2025 that reflected an amount due that included interest assessed for time periods when the person did not receive monthly mortgage statements.

**Owner Entity Defaulted Loan Modification Settlement Subclass.** All natural persons within the United States and its territories who are obligors of a junior-lien mortgage loan secured by their primary residence, which loan was, as of May 14, 2025, owned by an Owner Entity and actively serviced by Statebridge, in connection with which loan Statebridge sent correspondence between November 2, 2023 through May 14, 2025 that reflected an amount due that included interest assessed for time periods when the person did not receive monthly mortgage statements, and which loan is not part of the Performing Loan Settlement Subclass.

**CAMG Additional Remediation Subclass.** All natural persons within the United States and its territories who are obligors of a junior-lien mortgage loan secured by their primary residence, which loan was, as of May 14, 2025, owned by a CAMG Entity, was previously charged off, and is actively serviced by Statebridge, and for which, prior to October 19, 2017, either 1) a prior servicer sent statements charging

0% interest, 2) the prior servicer did not send statements because the loan was charged off, and/or 3) Veripro previously serviced the loan and represented that interest would not be charged, and for which Statebridge sent correspondence between November 2, 2023 through May 14, 2025, that assessed interest for time periods prior to October 19, 2017.

The Settlement Classes do not include Defendants' or CAMG's officers, directors, and employees; Defendants' or CAMG's attorneys; Plaintiffs' attorneys; any Judge overseeing or considering the approval of the Settlement, together with members of their immediate family and any judicial staff, and those who validly excluded themselves from the Settlement Classes as noted above.

13.    The Settlement Agreement submitted by the Parties for the Settlement Classes is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable, and adequate and in the best interests of the Settlement Classes. The Settlement Agreement shall therefore be deemed incorporated herein and the proposed settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended or clarified by any subsequent order issued by this Court.

14.    This action is hereby dismissed on the merits, with prejudice and without costs.

15.    As agreed by the Parties in the Settlement Agreement, upon the Effective Date, the Released Parties shall be released and discharged in accordance with the Settlement Agreement.

16.    Each Settlement Class Member is permanently barred and enjoined from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit that asserts Released Claims against the Released Parties.

17.    Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this Settlement, including the administration and consummation of the Settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over the Parties and each Settlement Class Member for any suit, action, proceeding or

dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Settlement Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all members of the Settlement Classes are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

18.     Upon consideration of Class Counsel's application for fees and costs, the Court awards $900,000.00 as reasonable attorneys' fees and reimbursement for reasonable out-of-pocket expenses, to be paid by the Owner Entities.

19.     Upon consideration of the application for individual service awards, Named Plaintiffs Danielle Brown and Roy Brown are each awarded the sum of $7,500.00, to be paid by the Owner Entities, in consideration for the service they have performed for and on behalf of the Settlement Classes.

20.     The Parties' remediation of interest and distribution plan of payments to the Settlement Class Members, in *pro rata* allocations of the Statutory Damages Amount, is approved for implementation.  Should funds remain after all distributions are made, and the check negotiation period provided for in the Settlement Agreement has passed, the Parties' chosen *cy pres*, Virginia Poverty Law Center, is approved for receiving such balance.

21.    The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

It is so **ORDERED** this 17th day of April, 2026.

WILLIAM E. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE